IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                                                      PLAINTIFF

V.                                                                      CAUSE NO. 3:21-CR-2-CWR-FKB-2

TENESIA A. EVANS                                                                                  DEFENDANT

**ORDER**

Before this Court are Defendant Tenesia A. Evans' motions to dismiss counts three through seventeen of the indictment. Docket Nos. 37 and 38. The motions are fully briefed and ready for adjudication. On review, the motions will be denied.

**I.      Factual and Procedural History**

Tenesia A. Evans was an employee of the City of Meridian Police Department ("MPD"), as well as the Meridian Public School District ("MPSD"). She served as a member of the MPD Gang Unit.

In this case, the Government alleges that from October 1, 2016, through September 30, 2017, Officer Evans, acting in concert with co-defendant Darie Darreall Thompson, a sergeant in the MPD who oversaw the MPD Gang Unit, converted funds from the City of Meridian and MPSD. The Government specifically alleges that Officer Evans and Sergeant Thompson conspired to falsely claim payment from MPSD and the City by filling out their timesheets for hours they did not work.

The Government has specified 12 periods of time during which it alleges that Officer Evans was paid for hours "when she had knowingly been absent from assigned duties." Docket No. 4 at 4-9. Because the City and the MPSD each receive more than $10,000 of federal funding each year, a federal grand jury charged Officer Evans and Sergeant Thompson with violating 18 U.S.C. §

666(a)(1)(A) (theft concerning programs receiving federal funds); 18 U.S.C. § 371 (conspiracy to violate federal law); and 18 U.S.C. § 1519 (alteration and falsification of records).

Officer Evans now challenges the sufficiency of the indictment as to counts three through seventeen of the indictment. Counts three and four arise under 18 U.S.C. § 371, while counts five through seventeen arise under 18 U.S.C. § 1519.

## II.     Legal Standard

"The Fifth Amendment allows criminal prosecutions only on the basis of an indictment and only a grand jury may amend an indictment." *United States v. Gonzales*, 436 F.3d 560, 577 (5th Cir. 2006). Additionally, Federal Rule of Criminal Procedure 7(c) governs the nature and contents of a criminal indictment. When applying these standards, "it is well settled that an indictment must set forth the offense with sufficient clarity and certainty to apprise the accused of the crime with which he is charged." *United States v. Bearden*, 423 F.2d 805, 810 (5th Cir. 1970) (citations omitted).

"An indictment is legally sufficient if (1) each count contains the essential elements of the offense charged, (2) the elements are described with particularity, and (3) the charge is specific enough to protect the defendant against a subsequent prosecution for the same offense." *United States v. Fairley*, 880 F.3d 198, 206 (5th Cir. 2018) (internal quotations and citations omitted). Under Fifth Circuit precedent, "ordinarily, the pleading of the allegations in the terms of the statute is sufficient to fulfill this dual requirement" of avoiding double jeopardy and providing sufficient notice. *United States v. Cadillac Overall Supply Co.*, 568 F.2d 1078, 1082 (5th Cir. 1978).

At the motion to dismiss stage, the reviewing court must take all allegations in the indictment as true. *Boyce Motor Lines v. United States*, 342 U.S. 337, 343 n.16 (1952). Further,

"in testing the sufficiency of an indictment, a court must not pierce the pleadings and make a premature resolution of the merits of the allegations." *Cadillac Overall Supply*, 568 F.2d at 1082.

When an indictment "sets out the elements of the offense charged *merely by tracking the words of the statute itself*," most courts will not disturb the indictment "as long as the words used expressly set out all of the elements necessary to constitute the offense." *United States v. Kay*, 359 F.3d 738, 756 (5th Cir. 2004). That is not to say that an indictment must precisely track the statutory language. It need not. *See United States v. Ramos*, 537 F.3d 439, 459 (5th Cir. 2008). But the Fifth Circuit has emphasized that courts find such tracking insufficient when they determine "that the factual information that is *not* alleged in the indictment goes to the very *core of criminality* under the statute." *Id.* at 757. In meeting this requirement, "an indictment does not have to set out evidence or details of how a crime was committed as long as it gives the defendant notice of what the government is charging." *Id.* at 759.

**III.   Discussion**

    **A.   Sufficiency of the Indictments**

Conspiracy is described at 18 U.S.C. § 371. The statute provides, in relevant part, that:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

Section 666(a)(1)(A), meanwhile, specifies that

> Whoever, if the circumstances described in subsection (b) of this section exist . . . being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof . . . embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts to the use of any person other than the rightful owner or intentionally misapplies, property that . . . (i) is valued at $5,000 or more and (ii) is owned by, or under the care, custody, or

3

>control of such organization, government, or agency . . . shall be fined under this title, imprisoned not more than 10 years, or both.

Section 666(b) then clarifies that "[t]he circumstances referred to in subsection (a) of this section is that the organization, government, or agency receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy loan, guarantee, insurance, or other form of Federal assistance."

Officer Evans challenges the sufficiency of counts three and four on the basis that the Government "fails to specifically allege that Officer Evans obtained by fraud property of MPD valued at $5,000.00 during any one year time period where MPD 'received benefits in excess of $10,000.00 under a Federal program or other form of Federal assistance." Docket No. 37 at 5. Moreover, Officer Evans argues that based on her hourly wage of $22.76 during the period at issue, the value of Officer Evans' alleged unearned hours never exceeded $5,000. *Id.* She further contends that the Government's indictment "improperly lumps together both MPD and MPSD even though they are separate and distinct local government entities." *Id.* Finally, Officer Evans submits that the indictment fails to state a count under 18 U.S.C. § 371 because it "fails to allege facts supporting a conspiracy to defraud the United States rather than the MPD or MPSD." *Id.*

Notwithstanding Officer Evans' objections, counts three and four of the indictment are valid.

In the indictment, the Government alleges that Officer Evans and Sergeant Thompson violated 18 U.S.C. § 371 when they conspired "without authority knowingly to convert to their own use, funds owned by and under the care, custody and control of the City and the Meridian Public School District." Docket No. 3 at 3. Additionally, in counts three and four, the Government (i) identifies the City and MPSD as recipients of federal funds; (ii) establishes that the City and MPSD each "received in excess of $10,000 in federal funding during the one year period beginning

4

October 1, 2017;" (iii) identifies the modus operandi that Sergeant Thompson and Officer Evans allegedly used to perpetrate their conversion—the submission of fraudulent timesheets—and (iv) identifies particular payment periods during which Sergeant Thompson and Officer Evans submitted fraudulent timesheets, as well as alleging the minimal amount of hours that the Defendants falsely claimed they worked during these periods. *Id.* at 1-9. Such facts, taken as true, present the essential elements for violations under the cited statutes. Accordingly, the Government satisfies the indictment standard as to counts three and four.

Officer Evans also challenges counts five through seventeen of the indictment, contending that (i) she had no intent to obstruct an investigation and (ii) the counts fail to set out the essential facts. Docket No. 38 at 4-6. This challenge also fails.

By its plain language, 18 U.S.C. § 1519 touches "[w]hoever knowingly . . . *falsifies*, or *makes a false entry in any record*, document, or tangible object with the intent to *impede*, *obstruct*, or influence the investigation or *proper administration* of any matter within the jurisdiction of any department or agency of the United States . . . ." (emphasis added). A fraudulent timesheet constitutes a "false entry." Such an entry also "impede[s]" or "obstruct[s]" the "proper administration" of the City or MPSD.

It is true that conduct that purely concerns local government does not trigger 18 U.S.C. § 1519. But, read in concert with 18 U.S.C. § 371, the conduct alleged in this case concerns a "matter within the jurisdiction of any department or agency of the United States." 18 U.S.C. § 1519. Here, the federal agencies include the United States Departments of Education, Homeland Security, Justice, and Transportation, as they supply funding to the City, MPD, and MPSD. Docket No. 4 at 1. Thus, incorporating the prior counts of the indictment as allowed under Rule 7(c)(1), the

Government meets the indictment standard. As such, this Court will deny Officer Evans' motion to dismiss counts five through seventeen.

      **B.**      **Vagueness Doctrine and 18 U.S.C. § 1519**

Officer Evans also challenges counts five through seventeen of the indictment on the basis that 18 U.S.C. § 1519 is unconstitutionally vague as applied to her.

The Fifth Circuit has already rejected a defendant's claim that this statute is vague. *See United States v. McRae*, 702 F.3d 806 (5th Cir. 2012). There the court explained that "[i]n reviewing a statue for vagueness, we ask whether the statute gave the defendant fair notice that his conduct was prohibited." *Id*. at 838. A statute may be void for vagueness if it "'either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.'" *United States v. Lanier*, 520 U.S. 259, 266 (1997) (quoting *Connally v. General Constr. Co.*, 269 U.S. 385, 391 (1926)). The key inquiry "is whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal." *Id.*

Here, Officer Evans argues that "an ordinary person would not know that allegedly falsifying a time sheet would potentially give rise to a federal investigation." Docket No. 38 at 6. Emphasizing that "a person of ordinary intelligence would not understand that allegedly submitting a false timesheet to her local government employer would qualify as prohibited conduct under Section 1519," Officer Evans submits that because the alleged fraud concerned payment by local, not federal, agencies, Section 1519 "is void as unconstitutionally vague and fails to provide fair notice of the allegedly prohibited conduct." *Id.*

This line of argument is unpersuasive. When considering a vagueness argument, the critical inquiry is not whether a particular government might charge an individual for engaging in the

6

proscribed conduct, but whether an individual might reasonably know that the proscribed conduct is unlawful. *See Papachristou v. City of Jacksonville*, 405 U.S. 156 (1972) (voiding a Jacksonville vagrancy statute because it "makes criminal activities which by modern standards are normally innocent"). A person of ordinary intelligence knows that fraud is illegal. A person of ordinary intelligence, then, would know that by submitting timesheets and claiming to be working or to have worked when, in fact, she did not work is a crime. For these reasons, 18 U.S.C. § 1519 is not unconstitutionally vague as applied to Officer Evans.

## IV.  Conclusion

Officer Evans' motions are denied.

**SO ORDERED**, this the 8th day of September, 2021.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE